## United States Bankruptcy Court
### Western District of Oklahoma

In re    **Juan Pablo Valdez**                                             Case No.    **24-12446**
                            Debtor(s)                                      Chapter     **13**

### CHAPTER 13 PLAN
☑ Check if this is an amended plan

**1. NOTICES:**

To Debtors:    This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances or that it is permissible in your judicial district. Plans that do not comply with local rules and judicial rulings may not be confirmable.

*In the following notice to creditors, you must check each box that applies.*

**To: Creditors: Your rights may be affected by this plan. Your claim may be reduced, modified or eliminated.**

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless otherwise ordered by the Bankruptcy Court. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015. In addition, you must file a timely proof of claim in order to be paid under any plan.

| | | |
|---|---|---|
| The plan contains nonstandard provisions set out in Section 10. | ☑ Yes | ☐ No |
| The plan limits the amount of a secured claim based on a valuation of the collateral in accordance with Section 5.C.(2)(b). | ☐ Yes | ☑ No |
| The plan avoids a security interest or lien in accordance with Section 9. | ☐ Yes | ☑ No |

**2. PAYMENTS TO THE TRUSTEE:** The Debtor (or the Debtor's employer) shall pay to the Trustee the sum of $**276.25** per month for **3** months. If the plan payment structure is in the form of step payments, the payment structure is indicated below. Plan payments to the Trustee shall commence on or before 30 days after the Chapter 13 Petition is filed. The Debtor shall turn over such additional funds as required by law and/or any Court Order.

Step payments                              $ **$1,796.37 per month for 40 months**

Minimum total of plan payments: $**72,683.55**

The Debtor intends to pay plan payments:
☐ TFS E-Wage
☑ TFS Recurring Automatic Payment
☐ Wage deduction from employer of:       ☑ Debtor
                                          ☐ Joint Debtor

Debtor's Pay Frequency:    ☐ Monthly    ☐ Semi-monthly (24 times per year)    ☐ Bi-weekly (26 times per year)    ☑ Weekly    ☐ Other

Joint Debtor's Pay Frequency:    ☐ Monthly    ☐ Semi-monthly (24 times per year)    ☐ Bi-weekly (26 times per year)    ☐ Weekly    ☑ Other

**3. PLAN LENGTH:** This plan is a **43** month plan.

**4. GENERAL PROVISIONS:**

a. As used herein, the term "Debtor" shall include both Debtors in a joint case.

b. Student loans are non-dischargeable unless determined in an adversary proceeding to constitute an undue hardship under 11 U.S.C. §523(a)(8).

c. The Trustee will make no disbursements to any creditor until an allowed proof of claim has been filed. In the case of a secured claim, the party filing the claim must attach proper proof of perfection of its security interest as a condition of payment by the Trustee.

d. Creditors not advising the Trustee of address changes may be deemed to have abandoned their claims.

e. All property shall remain property of the estate and shall vest in the Debtor only upon dismissal, discharge, conversion or other specific Order of the Court. The Debtor shall be responsible for the preservation and protection of all property of the estate not transferred to and in the actual possession of the Trustee.

f. Secured creditors listed in Paragraphs 5(C)(2)(a) and 5(C)(2)(b), below, shall retain liens until the earlier of payment of the underlying debt determined by nonbankruptcy law or, if a Proof of Claim is filed, the entry of an order granting discharge. Secured claims extending beyond the length of the plan listed in Paragraphs 5(C)(3) and 5(C)(4), below, will not be discharged pursuant to 11 U.S.C. § 1328(a)(1).

g. The debtor is prohibited from incurring any debts except such debts approved pursuant to the Court's directives or as necessary for medical or hospital care.

**5. DISBURSEMENTS TO BE MADE BY TRUSTEE:**

  **A. ADMINISTRATIVE EXPENSES:**
   (1) Estimated Trustee's Fee: **10**%
   (2) Attorney's Fee (unpaid portion): $**1,700.00** to be paid through plan in monthly payments

  **B. PRIORITY CLAIMS UNDER 11 U.S.C. § 507:**

   **(1) DOMESTIC SUPPORT OBLIGATIONS:**

   (a) Debtor is required to pay all post-petition domestic support obligations directly to the holder of the claim.

   (b) The name(s) of the holder(s) of any domestic support obligation are as follows:

   (c) Anticipated Domestic Support Obligation Arrearage Claims. Unless otherwise specified in this Plan, priority claims under 11 U.S.C. § 507(a)(1) will be paid in full pursuant to 11 U.S.C. § 1322(a)(2). These claims will be paid at the same time as secured claims. Any allowed claim for a domestic support obligation that remains payable to the original creditor shall be paid in full pursuant to the filed claim, unless limited by separate Court Order or filed Stipulation.

   ☐ Arrearage shall be paid through wage assignment, pursuant to previous Order entered by a non-bankruptcy Court.

   ☐ Arrearage shall be paid in full through the plan.

| Name | Estimated arrearage claim | Projected monthly arrearage payment in plan |
|---|---|---|
| **-NONE-** | | |

   (d) Pursuant to §§ 507(a)(1)(B) and 1322(a)(4), the following domestic support obligation claims are assigned to, owed to, or recoverable by a governmental unit, and shall be paid as follows:

   Claimant and proposed treatment:

   **(2) OTHER PRIORITY CLAIMS:**

   (a) Pre-petition and/or post-petition priority tax claims shall be paid in full pursuant to the filed claim unless limited by separate Court Order or filed Stipulation.

| Name | Estimated Claim |
|---|---|
| **-NONE-** | |

   (b) All other holders of priority claims listed below shall be paid in full as follows:

| Name | Amount of Claim |
|---|---|
| **Huberto Trejo** | **$2,000.00** |
| **IRS** | **$4,800.00** |

  **C. SECURED CLAIMS:**

   **(1) PRE-CONFIRMATION ADEQUATE PROTECTION:** Pre-confirmation adequate protection payments to the following Creditors holding allowed claims secured by a purchase money security interest in personal property shall be paid by the Trustee through the plan as provided below. Adequate protection payments shall not be paid until the Creditor files a proof of claim, with proper proof of security attached.

| Name | Collateral Description | Pre-Confirmation Monthly Payment |
|---|---|---|
| **-NONE-** | | |

Local Form 3015-1                                                                                                                                      Rev. 09/01/2024

**(2) SECURED DEBTS WHICH WILL NOT EXTEND BEYOND THE LENGTH OF THE PLAN:**

**(a) SECURED CLAIMS NOT SUBJECT TO VALUATION:** Secured creditors with a purchase money security interest securing a debt either incurred within the 910-day period preceding the filing of the bankruptcy petition where the collateral is a motor vehicle acquired for personal use, or incurred within the 1-year period preceding the bankruptcy petition where the collateral is any other thing of value, shall be paid in full with interest at the rate stated below. The amount stated on an allowed proof of claim controls over any contrary amount listed below.

| Name | Collateral Description | Estimated Amount of Claim | Monthly Payment | Interest Rate |
|---|---|---|---|---|
| **-NONE-** | | | | % |

**(b) SECURED CLAIMS SUBJECT TO VALUATION:** All other secured creditors, except secured tax creditors, shall be paid the proposed secured value with interest in the amounts stated below. To the extent the proposed secured value exceeds the secured claim, only the claim amount, plus interest shall be paid. Secured tax claims shall be paid as filed unless limited by separate Court Order.
NOTE: The valuation of real estate requires the filing of a motion to determine value and the entry of a separate Court Order before any proposed secured value of real estate stated below may be approved.

| Name | Collateral Description | Proposed Secured Value | Monthly Payment | Interest Rate |
|---|---|---|---|---|
| **-NONE-** | | | | % |

**(3) DEBTS SECURED BY PRINCIPAL RESIDENCE WHICH WILL EXTEND BEYOND THE LENGTH OF THE PLAN (LONG-TERM DEBTS):**

| Name | Collateral Description | *Monthly Ongoing Pymt | 1st Post-petition Payment | *Estimated Amt of Arrearage | Interest on Arrearage |
|---|---|---|---|---|---|
| **Freedom Mortgage Corporation** | **9808 S Hillcrest Drive Oklahoma City, OK 73159 Cleveland County SHADOW LAKE VILLAGE I LOT 13 BLK 7** | **$1,360.00** | | **$2,514.27** | **0.00** % |

*The "1st post-petition payment" is the monthly ongoing mortgage payment which comes due between the petition date and the due date of the first plan payment. The arrearage amounts, monthly ongoing payment, and 1st post-petition payment are estimated and will be paid according to the amount stated on the claim unless objected to and limited by separate Court Order. The interest rate to be paid on the arrearage and the 1st post-petition payment is reflected above.

**(4) OTHER SECURED DEBTS WHICH WILL EXTEND BEYOND THE LENGTH OF THE PLAN (LONG-TERM DEBTS):**

| Name | Collateral Description | *Monthly Ongoing Pymt | 1st Post-petition Payment | *Estimated Amt of Arrearage | Interest on Arrearage |
|---|---|---|---|---|---|
| **-NONE-** | | | | | % |

*The "1st post-petition payment" is the monthly ongoing payment which comes due between the petition date and the due date of the first plan payment. The arrearage amounts, monthly ongoing payment, and 1st post-petition payment are estimated and will be paid according to the amount stated on the claim unless objected to and limited by separate Court Order. The interest rate to be paid on the arrearage and the 1st post-petition payment is reflected above.

**D. UNSECURED CLAIMS:**

(1) Special Nonpriority Unsecured claims shall be paid in full plus interest at the rate stated below, as follows: ☐

| Name | Amount of Claim | Interest Rate |
|---|---|---|
| **-NONE-** | | % |

(2) General Nonpriority Unsecured: Other unsecured creditors shall be paid pro-rata approximately **0.00** percent, unless the plan guarantees a set dividend as follows:

Guaranteed dividend to non-priority unsecured creditors: **$0.00**

**6. DIRECT PAYMENTS BY DEBTOR:** The Debtor shall make regular payments directly to the following creditors:

| Name | Amount of Claim | Monthly Payment | Collateral Description if Applicable |
|---|---|---|---|
| **-NONE-** | | | |

NOTE: Direct payment will be allowed only if the debtor is current on the obligation, the last payment on the obligation comes due after the last payment under this plan, and no unfair preference is created by the direct payment.

**7. EXECUTORY CONTRACTS AND UNEXPIRED LEASES:** The plan rejects all executory contracts and unexpired leases, except as follows:

| Name | Description of Contract or Lease |
|---|---|
| -NONE- | |

**8. SURRENDERED PROPERTY:** The following property is to be surrendered to the secured creditor, with a deficiency allowed, unless specified otherwise. The Debtor requests the automatic stay be terminated as to the surrendered collateral upon entry of Order Confirming Plan or other Order of the Court.

| Name | Amount of Claim | Collateral Description |
|---|---|---|
| -NONE- | | |

**9. LIEN AVOIDANCE:** No lien will be avoided by the confirmation of this plan. Liens may be avoided only by separate Court Order, upon proper Motion including reasonable notice and opportunity for hearing.

Liens Debtor intends to avoid:

| Name | Amount of Claim | Description of Property |
|---|---|---|
| -NONE- | | |

**10. NONSTANDARD PLAN PROVISIONS:** Any nonstandard provision placed elsewhere in this plan is void.

There may not be sufficient funds available to pay the set monthly payments as proposed, however all payments due to creditors shall be paid within the term of the plan as provided for in the plan.

☐ By checking this box certification is made by the Debtor, if not represented by an attorney, or the Attorney for Debtor, that the plan contains no nonstandard provision other than those set out in this paragraph.

Date **November 13, 2024**    Signature **/s/ Juan Pablo Valdez**
Debtor
Printed Name: **Juan Pablo Valdez**

Date _____    Signature _____
Joint Debtor
Printed Name: _____

**/s/ Jeffrey E. West, Attorney for Debtor(s)**
**Jeffrey E. West, Attorney for Debtor(s)**
**OBA #18871**
**DebtKillerOK.com, Inc**
**2525 NW Expressway, Ste 531**
**Oklahoma City, OK 73112**
**405-616-4949**
**405-225-2700**
**jeff@westbklaw.com**
Counsel for Debtor(s)

**CERTIFICATE OF SERVICE**

☑ A separate certificate of service will be filed in the record.

☐ This is to certify that on _____, a true and correct copy of the foregoing Chapter 13 Plan was mailed by U.S. Mail, postage prepaid, to the parties listed on the attached matrix.

**/s/ Jeffrey E. West, Attorney for Debtor(s) OBA**
**Jeffrey E. West, Attorney for Debtor(s) OBA #18871**

# United States Bankruptcy Court
## Western District of Oklahoma

In re __Juan Pablo Valdez__  
Debtor(s)

Case No. __24-12446__  
Chapter __13__

## CERTIFICATE OF SERVICE

I hereby certify that on November 13, 2024, a true and correct copy of the **Amended Chapter 13 Plan**, filed on November 13, 2024 was electronically served using the CM/ECF system, namely: John Hardeman, Chapter 13 Trustee. Further, I certify that on November 13, 2024 copies of the Debtors **Amended Chapter 13 Plan** filed on November 13, 2024 were forwarded via United States mail, first class, postage prepaid and properly addressed to the following at the addresses shown below.

- **Aspire Credit Card,** Attn: Bankruptcy, Po Box 105555, Atlanta, GA 30348
- **Capital One,** Attn: Bankruptcy, Po Box 30285, Salt Lake City, UT 84130
- **Citibank/The Home Depot,** Citicorp Cr Srvs/Centralized Bankruptcy, Po Box 790040, St Louis, MO 63179
- **Comenity Capital/Acadmy,** Attn: Bankruptcy, Po Box 182125, Columbus, OH 43218
- **Crb/momnt,** 4 Concourse Parkway, Sandy Springs, GA 30328
- **Crconnauto,** 2725 S Midwest Blvd, Midwest City, OK 73110
- **Destiny Card,** PO Box 23030, Columbus, GA 31902-3030
- **First Electronic Bank,** 2150 S 1300 E #400, Salt Lake City, UT 84106
- **First Fidelity Bank,** Attn: Bankruptcy, Po Box 32282, Oklahoma City, OK 73123
- **First Premier Bank,** Attn: Bankruptcy, 601 S Minneapolis Ave, Sioux Falls, SD 57104
- **Fnb Omaha,** Attn: Bankruptcy, P.O. Box 3128, Omaha, NE 68103
- **Freedom Mortgage Corporation,** Attn: Bankruptcy, 907 Pleasant Valley Ave, Ste 3, Mt Laurel, NJ 08054
- **FreedomPlus,** Attn: Bankruptcy, 1875 South Grant St, Ste 400, San Mateo, CA 94402
- **Genesis FS Card Services,** Attn: Bankruptcy, Po Box 4477, Beaverton, OR 97076
- **Huberto Trejo,** c/o Cody Kerns, 1741 W 33rd St STe 120, Edmond, OK 73013
- **Huberto Trejo,** c/o Cody Kerns, 1741 W 33rd St STe 120, Edmond, OK 73013
- **Humberto Trejo Dominguez,** 515 SW Grand Blvd, Oklahoma City, OK 73109
- **IRS,** Attn: Legal Division, PO Box 7346, Philadelphia, PA 19101-7346
- **Jefferson Capital Systems, LLC,** Attn: Bankruptcy, 200 14th Ave E, Sartell, MN 56377
- **Kruger Investment Company,** 105 N Hudson Ste 200A, Oklahoma City, OK 73102
- **McCalla Raymer Leibert Pierce LLC,** 1544 Old Alabama Rd, Roswell, GA 30076
- **Minto Money,** PO BOX 58112, Minto, AK 99758
- **Momnt Loan,** 4 Concourse Pkwy #150, Atlanta, GA 30328
- **PenFed CU,** 2930 Eisenhower Ave, Alexandria, VA 22314
- **PNC Financial Services,** Attn: Bankruptcy, 300 Fifth Avenue The Tower At Pnc Plaza, Pittsburgh, PA 15222
- **Synchrony Bank/Care Credit,** Attn: Bankruptcy, Po Box 965060, Orlando, FL 32896
- **Synchrony Bank/HHGregg,** Attn: Bankruptcy, Po Box 965060, Orlando, FL 32896
- **Synchrony Bank/JCPenney,** Attn: Bankruptcy, Po Box 965060, Orlando, FL 32896
- **Teague & Wetsel, PLLC,** 1741 W 33rd St #120, Edmond, OK 73013

/s/ Jeffrey E. West, Attorney for Debtor(s) OBA  
Jeffrey E. West, Attorney for Debtor(s) OBA #18871  
Bankruptcy Legal Counseling Center of OK  
DebtKillerOK.com, Inc  
2525 NW Expressway, Ste 531  
Oklahoma City, OK 73112

405-616-4949Fax:405-225-2700
jeff@westbklaw.com