**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

In re:

**Juan Pablo Valdez**

Debtor.

Case No. 24-12446-JDL
Chapter 13

**CREDITOR HUMBERTO TREJO'S OBJECTION TO CONFIRMATION OF AMENDED CHAPTER 13 PLAN WITH SUPPORTING BRIEF**

**NOTICE OF OPPORTUNITY FOR HEARING**

**Your rights may be affected. You should read this document carefully and consult your attorney about your rights and the effect of this document.** If you do not want the Court to grant the motion, or you wish to have your views considered, you must file a written response to the motion with the Clerk of the United States Bankruptcy Court of the Western District of Oklahoma, 215 Dead McGee Avenue, Oklahoma City, OK 73102 no later 14 days from the date of filing the motion. You should also serve a file-stamped copy of the response to the undersigned and others who are required to be served and file a certificate or affidavit of service with the Court.

**[Note – this is a flat 14 days regardless of the manner of service.]**

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

Creditor Humberto Trejo ("Trejo") objects to the confirmation of the Amended Chapter 13 plan [Doc 31] proposed by the Debtor Juan Pablo Valdez ("Valdez"). Debtor Valdez's plan is not proposed in good faith. Valdez stated under oath the primary reason for this bankruptcy is the Oklahoma County District Court lawsuit related to the funds Valdez was holding in trust for Trejo. Valdez, rather than return Trejo's funds, filed this Chapter 13 bankruptcy in a bad faith attempt to retain the benefits of Trejo's money, which Valdez wrongly acquired.

1

**INTRODUCTION**

The totality of the circumstances suggests this fourth bankruptcy filed by Valdez is not offered in good faith. Valdez has not returned any of the funds Trejo entrusted to Valdez. Valdez stated under oath the primary reason underlying this bankruptcy was the lawsuit involving the funds Valdez held in trust for Trejo. The circumstances suggest the primary purpose behind Valdez's bankruptcy is to discharge the non-dischargeable debt Valdez owes to Trejo, and unjustly enrich Valdez. Rather than making honest attempts to return Trejo's money, Valdez is now claiming significant expenses, previously undisclosed, and wholly inconsistent with Valdez's prior bankruptcy schedules. Valdez's failure to correct errors in his bankruptcy documentation is beginning to appear more and more intentional. The circumstances show Valdez's bankruptcy schedules, and the underlying information is not an accurate depiction of Valdez's true disposable income. The information Valdez has provided in support of the confirmation of this Chapter 13 bankruptcy is simply unreliable and appears calculated to mislead.

Valdez previously underreported his business income for his original plan. After his error, Valdez has not made efforts to accurately report his expenses necessary to establish a good faith Chapter 13 plan. Now, apparently Valdez alleges he cannot pay unsecured creditors any sum because of his obligations to his girlfriend. According to Valdez, he is court ordered to pay $500.00 monthly in child support or spousal support. This money ($500.00) is sent to his girlfriend, who resides with Valdez's son outside of Valdez's household. At the same time, Valdez claims he is entitled to calculate his disposable income based on expenses of a household of two, as if his girlfriend or son resided with him, even though Valdez admits he is the only person in his household. In essence Valdez is claiming the same expenses twice, the $500.00 in monthly court ordered payments appear to be the same expenses Valdez is claiming by designating his household

2

as a household of two. If Valdez's disposable income were properly classified, he would have more than $1,000.00 in additional disposable income to pay unsecured creditors.

Valdez's omissions and misleading statements are beginning to appear intentional and are an undue administrative burden. This is the second occasion Valdez has failed to accurately report information to this Court about Valdez's income and expenses. Prior, Valdez failed to report income from his small business on his first Chapter 13 Plan. Now, Valdez is claiming significant expenses from child support payments or spousal support obligations, inconsistent with Valdez's bankruptcy schedules. Because Valdez is claiming the benefits of expenses for obligations which apparently do not exist, Valdez is not applying all of his disposable income towards paying unsecured claims. Valdez has a history of providing unreliable information during his previous bankruptcies. Trejo requests this Court deny confirmation of Valdez's Chapter 13 plan pursuant to 11 U.S.C. §1325(a)-(b) with leave to amend it to provide adequate payments to unsecured creditors consistent with this objection and the bankruptcy code.

In support, Trejo shows this Court the following:

## **BRIEF IN SUPPORT**

**I. DEBTOR VALDEZ'S CHAPTER 13 PLAN IS NOT PROPOSED IN GOOD FAITH**

The Bankruptcy Code requires that every Chapter 13 plan be submitted in good faith. **11 U.S.C. §1325(a)(3).** Valdez, as the party moving for discharge, bears the burden of proving his plan is submitted in good faith. **See In re Alexander,** 363 B.R. 917, 921-22 (10th Cir. BAP 2007). Good faith is based on the totality of the circumstances. **Gier v. Farmers State Bank,** 986 F.2d 1326, 1329 (10th Cir. 1993); **In re Davis,** 239 B.R. 573, 578-79 (10th Cir. BAP 1999). The Tenth Circuit has adopted a non-exclusive list of eleven factors in guiding courts in evaluating whether a debtor's Chapter 13 plan is proposed in good faith. **See In re Bayless,** 264 B.R. 719, 722 (Bankr. W.D.

Okla 1999) (citing **Flygare v. Boulden,** 709 F.2d 1344, 1347 (10th Cir. 1983). These eleven factors include:

> "(1) the amount of the proposed payments and the amount of the debtor's surplus;
> (2) the debtor's employment history, ability to earn and likelihood of future increases in income;
> (3) the probable or expected duration of the plan;
> (4) the accuracy of the plan's statements of the debts, expenses and percentage repayment of unsecured debt and whether any inaccuracies are an attempt to mislead the court;
> (5) the extent of preferential treatment between classes of creditors;
> (6) the extent to which secured claims are modified;
> (7) the type of debt sought to be discharged and whether any such debt is non-dischargeable in bankruptcy
> (8) the existence of special circumstances such as inordinate medical expenses;
> (9) the frequency with which the debtor has sought relief under the Bankruptcy Reform Act;
> (10) the motivation and sincerity of the debtor in seeking Chapter 13 relief; and
> (11) the burden which the plan's administration would place upon the trustee."

**Flygare v. Boulden,** 709 F.2d 1344, 1347-47 (10th Cir. 1983)(quoting **In re Estus,** 695 F.2d 311, 314-16 (8th Cir. 1982).

In this case, the *Flygare* analysis weighs against the plan Valdez proposed and Valdez's Chapter 13 plan should be denied.

(1)     The amount of the proposed payments and the amount of the debtor's surplus:

Repayment to unsecured creditors is an intended purpose of Chapter 13's enactment and a Chapter 13 debtor's failure to provide substantial repayment, absent special circumstances, is strong evidence that a Chapter 13 plan is proposed in bad faith. **Deans v. O'Donnell,** 692 F.2d 968, 972, (4th Cir. 1982) (foundational case which became part of the **Flygare** factors). In the case before this Court, the debtor. Valdez proposes to pay creditors zero (0) percent of their claims over the course of three years. **[Doc 31, page 3].** The debtor Valdez is proposing to make monthly payments of $1,796.37 per month to the Chapter 13 Trustee. **[Doc 31], page 1, ¶2.** The total of these

4

payments is $72,683.55 paid over a forty-three period. **[Doc 31], page 1, ¶2.** Valdez estimates his monthly average net income is $5,285.65. **[Doc 25], page 4 ¶11.** Valdez estimates his monthly expenses are $5,395.33. **[Doc 25], page 12, ¶23b.** Valdez calculates his monthly disposable income at ($109.68). **[Doc 25], page 13, ¶45.** Although Valdez's schedules appear to show Valdez is paying as more than he can afford, the totality of the circumstances suggests Valdez is claiming expenses twice and is properly defined as a high-income earner, therefore Valdez is not devoting all of his disposable income to pay unsecured creditors.

Valdez is required to devote all of his projected disposable income towards the Chapter 13 plan to receive confirmation. **11 U.S.C. §1325(b)(1)(B).** Valdez's disposable income calculation is not correct because he is simultaneously claiming previously undisclosed expenses for $500.00 in monthly court ordered child support and spousal obligations in addition to unjustified expenses for a household of two. **[Doc 25, page 10, ¶19], compare [Doc. 25, page 5, ¶16b].** Valdez is also apparently underemployed, and historically Valdez has been properly classified as a high-income earner.

Valdez's expenses are not properly scheduled and therefore he is claiming deductions to his disposable expenses he is not entitled to receive; therefore, Valdez properly has additional disposable income to pay unsecured creditors. Trejo estimates Valdez has approximately $1000.00 in additional monthly income available to pay unsecured creditors. Because Valdez is claiming expenses for a household of two, he is reducing the disposable income available to unsecured creditors by more than $500.00 per month. Now, Valdez is also claiming he also owes court ordered monthly spousal or child support payments of $500.00, for dependents Valdez claims he does not have, and which Valdez did not previously report.

First, on Valdez's Amended Means Test, Valdez claims he needs expenses for a household of two because he has two people in his household. **[Doc 25, page 5, ¶16b & page 7 ¶5].** Valdez claims none of these expenses were for supporting people other than Valdez and his dependents. Valdez claimed he had no dependents. **[Doc 1, page 32, ¶3] & [Doc 1, page 32, ¶2]**. When asked about Valdez's basis for claiming expenses consistent with a household of two, Valdez admitted he is claiming expenses for a household of two because he supports his girlfriend, who is otherwise able to work Valdez also alleges he has a son with his girlfriend. **See Exhibit 2, page 6, lns. 15-22.** Valdez previously stated he did not have any dependents. **Doc 1, page 32, ¶2].**   For Valdez to get the benefit additional allowances for expenses for deductions from his income, the additional people must qualify as exempt for income tax purposes or qualify as an additional dependent. **[Doc 25, page 7].** After Valdez was questioned about the size of his household, Valdez admitted he was the only person in his household. **Exhibit 2, page 7, lns. 3-6.** Valdez's girlfriend does not reside with Valdez. Therefore, Valdez cannot properly claim his girlfriend for an exemption on his income taxes. Valdez does not have any dependents, and therefore does not have anyone else to claim to reduce his expenses. **[Doc 1, page 32, ¶2].** Despite this, Valdez continues to claim the benefits of a household size of two for measuring expenses for his plan and the means test for his plan. **[Doc. 25, page 5, ¶16b] & [Doc 31].** In essence, Valdez is apparently proposing to use his disposable income properly allocatable to unsecured creditors to subsidize Valdez's girlfriend's decision not to work. Valdez's plan does not devote Valdez's properly calculated disposable income toward unsecured creditors and therefore should be denied or amended to allow only IRS National Standard expenses for a household size of one for Oklahoma.

Second, Valdez now claims he cannot pay unsecured creditors because Valdez must make monthly court ordered child or spousal support payments of $500.00. Valdez is single and has not

6

been married since 2017. **See Exhibit 2, page 6, lns 2-12.].** Trejo is unable to find any public records showing Valdez is Court ordered to pay any spousal support or child support. Previously, Valdez claims he is not required to make any family support payments. [**Doc 1, page 33, ¶18].** Valdez also claimed no child support or spousal support was being withheld from his paycheck. Now, Valdez is claiming expenses of $500.00 pursuant to a court order Valdez allegedly did not previously know about. **[Doc. 25, page 10, ¶19].** These circumstances, coupled with Valdez's prior failures to report his income, suggest Valdez is not being ordered to make monthly payments, therefore Valdez's Chapter 13 plan should be denied or amended to remove the $500.00 monthly payment as an expense.

Valdez's employment history and debts incurred show Valdez is capable of earning more than he is earning now. Adjusted for inflation Valdez is a high-income earner even if he is properly allowed an allowance for a household of two. [**Doc 16, pages 4-5**] Valdez has no medical debt, suggesting Valdez has not suffered an injury or illness that prevents him from full time gainful employment. Second, Valdez has shown he is capable of performing work outside his regular employment. **See [Doc 16, Exhibit 1, Photographs and Affidavit in Support], pages 1-3.**

(2)     The probable or expected duration of the plan;

Valdez proposes a plan of forty-three months **[Doc 31, page 1, ¶1]**. The maximum length of a Chapter 13 plan is five years. The burden of proof is on Valdez. Valdez had not explained why his plan should be allowed to proceed for forty-three months with a negative disposable income. **[Doc 31, page 3 ¶D1].** It appears Valdez's plan will fail.

(3)     [T]he accuracy of the plan's statements of the debts, expenses and percentage repayment of unsecured debt and whether any inaccuracies are an attempt to mislead the court;

A debtor's failure to provide substantial repayment is evidence the debtor is attempting to abuse the purpose of Chapter 13. **See In re Estus,** 695 F.2d 311, 316 (8th Cir. 1982). Here the debtor is proposing to pay general unsecured creditors nothing. **[Doc 31, page 3 ¶D1].** Valdez's proposal to pay general unsecured creditors nothing combined with Valdez's pattern of misrepresentations on his bankruptcy schedules suggests Valdez is misrepresenting his income and assets available to pay creditors.

Valdez has a history of providing inaccurate information regarding assets, debts, and general information found on his bankruptcy schedules and is making material misrepresentations on his bankruptcy schedules for this Chapter 13 bankruptcy. In 2017 Valdez failed to report income Valdez received from Trejo. **See [Exhibit 4, Valdez 2017 Bankruptcy]**. Valdez states he is married, but he is not married. Valdez states he has no interest in business in the four years prior to his bankruptcy. **Doc 1, page 40, ¶27.** Valdez performed business activities as recently as June 2024. **See Exhibit 1, page 7.**

Valdez's failure to correct inaccuracies in his bankruptcy documents tends to suggest he is acting to mislead. Previously in this bankruptcy Valdez underreported his income. He has since amended his plan and performed a second means test to account for the previously unreported income. **[Doc 25] & [Doc 31].** However, Valdez has failed to correct prior inaccuracies. For example, Valdez continues to maintain that he is married. **[Doc. 1., page 30, ¶1, page 3].** However, there is no evidence Valdez has remarried. Valdez is apparently claiming the benefit of marriage to change the level of his means test from $55,362.00 to $71,043.00. **See Exhibit 3, page 16; [Doc**

8

**1, page 44 ¶16b].** There are numerous other inaccuracies in Valdez's bankruptcy documents Trejo will address at a contest of these issues if necessary.

(4) [T]he extent of preferential treatment between classes of creditors;

Valdez's proposed Chapter 13 plan offers nothing to pay unsecured creditors. **[Doc 31, page 3 ¶D1].** Valdez's Chapter 13 plan offers to pay the Chapter 13 Trustee's fees and his own attorney's fees but offers to pay unsecured creditors nothing. Valdez's Chapter 13 plan is practically no different from a Chapter 7 plan.

(5)     [T]he extent to which secured claims are modified;

This factor is not applicable here.

(6)     [T]he type of debt sought to be discharged and whether any such debt is non-dischargeable in bankruptcy

It is well established that property subject to a resulting trust is not property of the bankruptcy estate and non-dischargeable in bankruptcy. See **In re Azarte**, 611 B.R. 446, 452-53 (Bankr. W.D. Okla. 2020) (citing **In re First Capital Mortgage Loan Corp.,** 917 F.2d 424, 426 (10th Cir. 1990) ("by definition, property held by the debtor in trust is not part of the bankruptcy estate")). When the primary purpose behind a Chapter 13 bankruptcy plan is to discharge non-dischargeable debts, confirmation will be denied. **See In re Dillon-Bader,** 131 B.R. 463, 466 (Bankr. Kan. 1991) (noting bankruptcy courts generally deny confirmation plans with more than fifty (50%) percent of the total debt). The amount of funds Valdez owes Trejo stemming from a resulting trust is now liquidated. The value of the funds Valdez owes Trejo stemming from the resulting trust is approximately $44,718.65. **See Exhibit 5 [Amended Proof of Claim].**

When Valdez's debts for cars Valdez doesn't apparently own and the amount of credit card debt Valdez incurred in 2024 to inflate his debts are not considered, the non-dischargeable debt

Valdez owes Trejo is nearly fifty (35%) of all the debts Valdez owns, including Valdez's mortgage. These debts include Valdez's mortgage for $54,194.00. **[Doc 1, page 18 ¶2.1],** debtors Valdez owes the IRS ($4,800.00) [**Doc 1, page 19 ¶2.1**], Capital One Card ($4,618.00) [**Doc. 1, page 20 ¶4.2**], Comenity Capital ($1,395.00) **[Doc. 1, page 21, ¶4.5],** Crb/momnt ($1,970.00) **[Doc. 1, page 21, ¶4.6]**, Freedom Plus ($5,693.00) **[Doc. 1 page 23 ¶4.12]**, Humberto Trejo Dominguez ($71,027.23 **see Exhibit 5;** approximately $44,000.00 is non-dischargeable); Synchrony Bank ($1,139.00) **[Doc. 1. Page 26, ¶4.20]**. The fact that Valdez waited until Trejo obtained a judgment but before Trejo's motion for attorney fees was held shows Valdez was strategically waiting to declare bankruptcy in an attempt to discharge Trejo's non-dischargeable claim, or otherwise dilute it to Trejo's prejudice.

(7)     [T]he existence of special circumstances such as inordinate medical expenses;

The debtor Valdez has not set forth any special circumstances showing why more projected future income cannot be paid to creditors. Valdez is intelligent enough to strategically plan this bankruptcy and owns his own lawncare business, Valdez is capable of paying Trejo.

(8)     [T]he frequency with which the debtor has sought relief under the Bankruptcy Reform Act;

This is Valdez's fourth bankruptcy since 1999[1]. **See** Verify Case – Chapter 13 filed, 09/03/2024. Valdez's frequent bankruptcy filings show Valdez has not learned anything from his prior bankruptcies and is accustomed to manipulating the bankruptcy system. For example, In 2017 Valdez failed to report income Valdez received from Trejo. **See [Exhibit 4, Valdez 2017 Bankruptcy] pages 10-15, 32-33.**

---

1 Valdez declared bankruptcy in 1999 (Case No. 99-11639), in 2009 (Case No. 09-12784), in 2017 (Case No. 17-12590) and in 2024 (Case No.  24-12446).

(10) [T]he motivation and sincerity of the debtor in seeking Chapter 13 relief; and

      Valdez's fourth bankruptcy does not show Valdez is attempting to make any sincere effort to pay his creditors. Valdez has not paid any sum for Trejo's judgment. Valdez and his wife appear underemployed, and in the years prior to Valdez's fourth bankruptcy, Valdez qualified as an above median debtor. Valdez incurred approximately $19,000.00 in credit card debt in the first half of 2024 alone, apparently in an attempt to dilute Trejo's claim as a share of the unsecured creditors. While Valdez ran up his credit card debts, he also failed to pay his taxes, generating unnecessary expenses, further diluting Trejo's share of claims against Valdez. Valdez's fourth bankruptcy is a planned and targeted attempt to avoid and otherwise discharge Trejo's non-dischargeable judgment against Valdez. Valdez is proposing to live a relatively extravagant lifestyle for a below median income earner in Oklahoma.

      Valdez and his wife appear underemployed. Valdez and his spouse's income in the six (6) months preceding this Chapter 13 bankruptcy suggests Valdez is significantly underemployed, in an apparent attempt to mislead this Court regarding his earning capabilities. It appears Valdez seeks to establish a low income so Valdez can lock low payments into place, obtain a discharge, and proceed to return to his high-income status after his bankruptcy. Valdez's spouse is not a co-debtor and is not employed, **[Doc 1, page 1].** Valdez's spouse purportedly does not have income in any capacity. **[Doc 1, page 43].**

      Based upon Valdez's historical earnings, Valdez has misclassified himself as a below-median income earner. Historically Valdez is an above median income earner. Valdez claims his income for 2024 is twenty (20) percent less than his income from two years ago. **[Doc 1, page 36, ¶4]; compare [Doc 1, page 44].** Valdez's income in 2022, adjusted for inflation, would make

11

Valdez an above median debtor today.[2] **[Doc 1, page 36, ¶4]; compare Exhibit 3[U.S. Trustee Program Schedules],** page 12. This tends to show bad faith on Valdez's part. Valdez has no dependents. [**Doc 1, page 32 ¶2**]. There is seemingly no reason why Valdez and his wife will not continue to earn a similar standard of living they experienced two years ago other than willful underemployment or intentional income under-reporting. Valdez owes approximately $4,800.00 to the IRS. [**Doc 1 page 19, ¶2.1**] Given Valdez is not disclosing when this tax obligation was incurred and Valdez's past failure to accurately report his income, these amounts owed to the IRS are apparently from back taxes attributable to Valdez's failure to report his income to the IRS.

Valdez's complex bankruptcy planning shows he is an intelligent businessman capable of earning a high income to repay his debtors, but that Valdez simply believes he does not have to make honest attempts to repay his debtors. Valdez incurred substantial amounts of unsecured credit card debt on the eve of this bankruptcy in an attempt to dilute Trejo's claim. Valdez incurred approximately $19,000.00 in credit card debt in 2024 alone. [**Doc 1, page 20 ¶4.1 ($1,267.00), ¶4.3 ($464.00), ¶4.4 ($615.00) ¶4.10 ($835.00); ¶4.11 ($12,267.00); ¶4.12 ($5,693.00) ¶4.13 ($982.00) ¶4.18 ($1,627.00) ¶4.19 ($1944.00)].** Under Valdez's plan, Valdez proposes to pay nothing to unsecured creditors.

Under his Chapter 13 plan, Valdez is asking for permission to retain expenses for what is essentially two people, although he is the only person in his household. Valdez claims additional expenses of $350.00 for health insurance for himself. Valdez's expenses exceed the IRS guidelines without any explanation for their necessity. Valdez has no dependents. Valdez's expenses are allegedly solely for Valdez's own use. [**Doc 1, page 32, ¶3].**

---

2  Adjusted for inflation, $71,856.00 is worth $77,207.11 today according to the Minneapolis federal reserve bank inflation calculator. See https://www.minneapolisfed.org/about-us/monetary-policy/inflation-calculator

**CONCLUSION**

Trejo requests this Court deny confirmation of Valdez's Chapter 13 plan pursuant to 11 U.S.C. §1325(a)-(b) with leave for Valdez to amend it consistent with Trejo's objection and bankruptcy code. Trejo's plan is not proposed in good-faith and therefore should not be confirmed.

**NOTICE**

NOTICE IS HEREBY GIVEN THAT, UNLESS AN OBJECTION TO THIS MOTION IS FILED IN WRITING AND SERVED ON THE UNDERSIGNED COUNSEL FOR MOVANT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF THIS MOTION, FOLLOWING EXPIRATION OF THE FOURTEEN (14) DAY PERIOD, MOVANT INTENDS TO SUBMIT TO THIS COURT, WITHOUT FURTHER NOTICE, AN ORDER DENYING CONFIRMATION OF DEBTOR JUAN PABLO VALDEZ'S AMENDED CHAPTER 13 PLAN [DOC 31].

/s/ Cody D. Kerns
Cody D. Kerns, OBA #34697
Charles E. Wetsel, OBA #12035
Teague & Wetsel, PLLC
1741 West 33rd Street, Suite 120
Edmond, Oklahoma 73013
Telephone: (405) 285-9200
Telecopier: (405) 509-2362 (direct)
e-mail: ckerns@teaguewetsel.com
*Attorneys for Creditor,*
*Humberto Trejo Dominguez*

**CERTIFICATE OF SERVICE**

I certify that on December 30, 2024 I electronically transmitted this document to the Court Clerk using the ECF System for filing. Based on the records currently on file, the Court Clerk will transmit a Notice of Electronic Filing to the following ECF registrants, including all parties listed on the attached mailing matrix prepared by the debtor:

**See attached mailing matrix**

John T. Hardeman
13trustee@chp13okc.com, trustee@chp13okc.com

United States Trustee
Ustpregion20.oc.ecf@usdoj.gov

Jeffrey E. West on behalf of Debtor Juan Pablo Valdez
jeff@westbklaw.com; lawwestj@gmail.com; enid@westbklaw.com; west.jeffreyr@notify.bestcase.com; docs@westbklaw.com

Capital One Auto Finance, a division of Capital One, N.A.
ECFNotices@aisinfo.com

/s/ Cody D. Kerns

I certify that on December 30, 2024 I also served this document by first-class mail the following, who are not registered participants of the ECF system:

First National Bank of Omaha
1620 Dodge Street, Stop Code 3113
Omaha, Nebraska 68197

Fnb Omaha
Attn: Bankrtupcy
P.O. Box 3128
Omaha Nebraska 68103

Juan Pablo Valdez
9808 S. Hillcrest Drive,
Oklahoma City, OK 73159-7418

Jeffrey E. West
Debtkillerok.com, Inc

2525 NW Expressway Ste 531
Oklahoma City, OK 73112

Portfolio Recovery Associates, LLC
POB 41067
Norfolk, VA 23541

Vive Financial
P.O. Box 708670
Sandy, UT 84070

Kruger Investment Company
105 N. Hudson Ste 200A
Oklahoma City OK 73102-4813

                                                /s/ Cody D. Kerns

| | | |
|---|---|---|
| Label Matrix for local noticing<br>1087-5<br>Case 24-12446<br>Western District of Oklahoma<br>Oklahoma City<br>Mon Dec 30 15:48:56 CST 2024 | Capital One Auto Finance, a division of Capi<br>4515 N Santa Fe Ave. Dept. APS<br>Oklahoma City, OK 73118-7901 | USBC Western District of Oklahoma<br>215 Dean A. McGee<br>Oklahoma City, OK 73102-3426 |
| Achieve Personal Loans<br>P.O.Box 2340<br>Phoenix, AZ 85002-2340 | Aspire Credit Card<br>Attn: Bankruptcy<br>Po Box 105555<br>Atlanta GA 30348-5555 | Capital One<br>Attn: Bankruptcy<br>Po Box 30285<br>Salt Lake City UT 84130-0285 |
| Capital One, N.A.<br>4515 N Santa Fe Ave<br>Oklahoma City, OK 73118-7901 | Citibank N.A.<br>Citibank, N.A.<br>5800 S Corporate Pl<br>Sioux Falls, SD  57108-5027 | Citibank/The Home Depot<br>Citicorp Cr Srvs/Centralized Bankruptcy<br>Po Box 790040<br>St Louis MO 63179-0040 |
| Comenity Capital/Acadmy<br>Attn: Bankruptcy<br>Po Box 182125<br>Columbus OH 43218-2125 | Crb/momnt<br>4 Concourse Parkway<br>Sandy Springs GA 30328-5397 | Crconnauto<br>2725 S Midwest Blvd<br>Midwest City OK 73110-5830 |
| Destiny Card<br>PO Box 23030<br>Columbus GA 31902-3030 | First Electronic Bank<br>2150 S 1300 E #400<br>Salt Lake City UT 84106-4336 | First Fidelity Bank<br>Attn: Bankruptcy<br>Po Box 32282<br>Oklahoma City OK 73123-0482 |
| (p)FIRST NATIONAL BANK OF OMAHA<br>1620 DODGE ST<br>STOP CODE 3113<br>OMAHA NE 68102-1593 | First Premier Bank<br>Attn: Bankruptcy<br>601 S Minneapolis Ave<br>Sioux Falls SD 57104 | Freedom Mortgage Corporation<br>Attn: Bankruptcy<br>907 Pleasant Valley Ave, Ste 3<br>Mt Laurel NJ 08054-1210 |
| Freedom Mortgage Corporation<br>Bankruptcy Department<br>11988 EXIT 5 PKWY BLDG 4<br>Fishers, IN 46037-7939 | FreedomPlus<br>Attn: Bankruptcy<br>1875 South Grant St, Ste 400<br>San Mateo CA 94402-2676 | Genesis FS Card Services<br>Attn: Bankruptcy<br>Po Box 4477<br>Beaverton OR 97076-4401 |
| Huberto Trejo c/o Cody Kerns<br>1741 W 33rd St #120<br>Edmond OK 73013-3838 | Humberto Trejo Dominguez<br>515 SW Grand Blvd<br>Oklahoma City OK 73109-6613 | IRS<br>Attn: Legal Division<br>PO Box 7346<br>Philadelphia PA 19101-7346 |
| (p)JEFFERSON CAPITAL SYSTEMS LLC<br>PO BOX 7999<br>SAINT CLOUD MN 56302-7999 | Jefferson Capital Systems, LLC<br>Attn: Bankruptcy<br>200 14th Ave E<br>Sartell MN 56377-4500 | Kruger Investment Company<br>105 N Hudson Ste 200A<br>Oklahoma City OK 73102-4813 |
| Minto Money<br>PO BOX 58112<br>Minto AK 99758-0112 | Momnt Loan<br>4 Concourse Pkwy #150<br>Atlanta GA 30328-6197 | PNC Financial Services<br>Attn: Bankruptcy<br>300 Fifth Avenue The Tower At Pnc Plaza<br>Pittsburgh PA 15222 |

| | | |
|---|---|---|
| PenFed CU<br>2930 Eisenhower Ave<br>Alexandria VA 22314-4557 | (p)PORTFOLIO RECOVERY ASSOCIATES LLC<br>PO BOX 41067<br>NORFOLK VA 23541-1067 | Quantum3 Group LLC as agent for<br>Comenity Capital Bank<br>PO Box 788<br>Kirkland, WA  98083-0788 |
| Quantum3 Group LLC as agent for<br>Concora Credit Inc.<br>PO Box 788<br>Kirkland, WA  98083-0788 | Resurgent Receivables, LLC<br>Resurgent Capital Services<br>PO Box 10587<br>Greenville, SC 29603-0587 | Synchrony Bank/Care Credit<br>Attn: Bankruptcy<br>Po Box 965060<br>Orlando FL 32896-5060 |
| Synchrony Bank/HHGregg<br>Attn: Bankruptcy<br>Po Box 965060<br>Orlando FL 32896-5060 | Synchrony Bank/JCPenney<br>Attn: Bankruptcy<br>Po Box 965060<br>Orlando FL 32896-5060 | Teague & Wetsel, PLLC<br>1741 W 33rd St #120<br>Edmond OK 73013-3838 |
| United States Trustee<br>United States Trustee<br>215 Dean A. McGee Ave., 4th Floor<br>Oklahoma City, OK 73102-3479 | (p)VIVE FINANCIAL  LLC<br>ATTN BANKRUPTCY<br>P O BOX 708670<br>SANDY UT 84070-8639 | Humberto Trejo Dominguez<br>Teague & Wetsel<br>1741 W. 33rd St.<br>120<br>Edmond, OK 73013-3838 |
| (p)BANKRUPTCY LEGAL COUNSELING CENTER OF OKLA<br>2525 NW EXPRESSWAY STE 531<br>OKLAHOMA CITY OK 73112-7642 | John T. Hardeman<br>John Hardeman, Chapter 13 Trustee<br>PO Box 1948<br>Oklahoma City, OK 73101-1948 | Juan Pablo Valdez<br>9808 S Hillcrest Drive<br>Oklahoma City, OK 73159-7418 |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

| | | |
|---|---|---|
| First National Bank of Omaha<br>1620 Dodge Street, Stop Code 3113<br>Omaha, Nebraska 68197 | (d)Fnb Omaha<br>Attn: Bankruptcy<br>P.O. Box 3128<br>Omaha NE 68103 | Jefferson Capital Systems LLC<br>Po Box 7999<br>Saint Cloud MN 56302-9617 |
| Portfolio Recovery Associates, LLC<br>POB 41067<br>Norfolk VA 23541 | Vive Financial<br>P.O. Box 708670<br>Sandy, UT 84070 | Jeffrey E. West<br>Debkillerok.com, Inc<br>2525 NW Expressway Ste 531<br>Oklahoma City, OK 73112 |

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

| | | |
|---|---|---|
| (u)FREEDOM MORTGAGE CORPORATION | (d)Destiny Card<br>PO Box 23030<br>Columbus GA 31902-3030 | End of Label Matrix<br>Mailable recipients    44<br>Bypassed recipients     2<br>Total                   46 |