UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF OKLAHOMA

In re:

**Juan Pablo Valdez,**

Debtor.

**Case No. 24-12446-JDL**
**Chapter 13**

**Limited Motion to Stay Order Pending Determination of Appeal,
Brief in Support, Notice of Opportunity for Hearing, and Certificate of Service**

> **Notice of Opportunity for Hearing**
>
> **Your rights may be affected. You should read this document carefully and consult your attorney about your rights and the effect of this document.** If you do not want the Court to grant the requested relief, or you wish to have your views considered, you must file a written response or objection to the requested relief with the Clerk of the United States Bankruptcy Court for the Western District of Oklahoma, 215 Dean A. McGee Avenue, Oklahoma City, OK 73102, no later than 14 days from the date of filing of this request for relief. You should also serve a file-stamped copy of your response or objection to the undersigned movant (and others who are required to be served) and file a certificate of service with the Court. If no response or objection is timely filed, the Court may grant the requested relief without a hearing or further notice.
>
> **The 14-day period includes the three (3) days allowed for mailing provided for in Bankruptcy Rule 9006(f).**

**Introduction**

John T. Hardeman, Chapter 13 Trustee, requests a limited stay, preventing the distribution of the Debtor's payments to creditors until the appeal of the confirmation order is resolved. Without a limited stay, a reversal by the Tenth Circuit Bankruptcy Appellate Panel of the confirmation order will cause the Trustee irreparable harm and the appeal would be rendered moot if the Trustee disburses the payments from the Debtor ("Valdez" or "Debtor") to creditors. Therefore, the Trustee respectfully requests that the Court hold the Order Confirming Chapter 13 Plan entered on January 29, 2025 [ECF Doc. 47] in abeyance and stay the distributions to creditors until after the appeal concludes. The Trustee is only seeking to stop disbursements under the plan. He is not seeking to stay the other provisions — including the Debtor's monthly payments — of the confirmation order. In support of this Motion, the Trustee shows the Court as follows:

**Factual Background**

On January 25, 2025, the Court held an evidentiary hearing on the Debtor's Chapter 13 Plan and Humberto Trejo Dominguez's ("Creditor") objection to confirmation. The Court confirmed the Debtor's Chapter 13 Plan over Creditor's objection, and now, Creditor is appealing the Court's decision. Pending confirmation, the Debtor dutifully made payments to the Trustee under the proposed terms of his plan.

**Arguments and Authorities**

A limited stay is necessary in this case to prevent irreparable injury to the Trustee if the Creditor is successful. Until confirmation, the debtor is required to make payments under the proposed plan and the funds are held until the plan is confirmed or the case is converted or dismissed. Normally after confirmation of a plan, the Trustee begins making disbursements to the creditors as directed by the confirmation order. The confirmation order is the keystone of a chapter 13 case so that a reversal or changes to it could irreparably injure the Trustee. Therefore, the Trustee seeks an order staying distributions under the plan until the appeal is concluded.

**I.   The Trustee Meets the Standards for a Stay.**

The standard for granting a motion to stay pending an appeal mirrors that for granting a preliminary injunction. In re Goss, 2008 WL 824303* 1 (E.D. Okla. March 26, 2008). When deciding whether to grant a discretionary stay a court must determine the following: (1) likelihood that the party seeking the stay will prevail on the merits of the appeal; (2) irreparable injury to the moving party unless the stay is granted; (3) no substantial harm to the other interested persons; and (4) no harm to the public interest. Id. (citing In re Lang, 414 F.3d 1191, 1201 (10th Cir. 2005). The grant of a stay is a matter of "judicial discretion" that is "dependent upon the circumstances of the particular case." Nken v. Holder, 556 U.S. 418, 419 (2009).

A court "'in the exercise of judgment' must "'weigh competing interest and maintain an even balance' between the court's interests in judicial economy and any possible hardship to the parties[.]" Belize Social Dev. Ltd. v. Government of Belize, 668 F.3d 724, 732–33 (D.C. Cir.

2012) (quoting Landis v. North American Co., 299 U.S. 248, 254–55 (1936)). Applying these factors, a stay should be granted.

### A. Likelihood of Success on the Merits.

With respect to the first factor, the moving party does not need to prove certain victory on appeal. See Nken, 556 U.S. at 419. Rather, courts have routinely held that a stay pending appeal is warranted in cases presenting difficult and unsettled legal questions. See e.g., City of Oakland v. Holder, 961 F.Supp.2d 1005, 1012 (N.D. Cal. 2013). The first factor does not weigh in favor of the Trustee. The Trustee saw nothing in the confirmation process or the overruling of the Creditor's frivolous and irrelevant arguments to suggest that the Creditor has any chance of success on appeal. However, the irreparable harm to the Trustee should the Creditor prevail outweighs this factor.

### B. Irreparable Injury to the Movants if a Stay is not granted.

To constitute irreparable harm, the injury must be certain, actual, and not theoretical. Heideman v. South Salt Lake City, 348 F.3d 1182, 1189 (10th Cir. 2003). A movant satisfies the irreparable harm requirement by demonstrating that the risk of harm cannot be compensated after the fact by monetary damages. Greater Yellowstone Coalition v. Flowers, 321 F.3d 1250, 1258 (10th Cir. 2003). The confirmation order is the keystone of Chapter 13 cases; it lays out the Debtor's and Trustee's obligations and is binding on all creditors. Without a final confirmation order, the case cannot proceed normally. Here, without a stay, should the Creditor be successful in his appeal, the Trustee would be responsible for recovering the funds disbursed. Recovering funds from creditors is a time and resource consuming process without a guarantee of success. If the Trustee is unsuccessful in recouping funds disbursed while the appeal is pending, any decision of the BAP would be meaningless.

If the appeal takes six months, the Trustee will have received and disbursed over $15,000 under the confirmation order during that period. If the Creditor is successful, and the confirmation order is reversed, the Trustee will be forced into a position of needing to recoup

funds. While creditors sometimes voluntarily return funds, in order to compel creditors to return the funds to the bankruptcy estate, the Trustee has to file adversary proceedings against any creditor that does not voluntarily return distributions that it has received. As of the end of January 2025, the Trustee is administering 2,929 cases, and monthly filings are trending up. Time is one of the Trustee's and his staff's most constrained resources. Awarding the Trustee a monetary judgment, in the event the Bankruptcy Appellate Panel reverses this Court's ruling will do nothing to relieve the administrative burden of recouping funds.

### C. No Substantial Harm to Other Interested Persons or to the Public.

The Trustee will hold the funds pending the outcome of the appeal. The only harm that will come to creditors is the delay of receiving distributions. This will initially only affect the secured creditors. The harm of delaying distributions is outweighed by the harm to the Trustee of needing to recoup funds should the BAP reverse the confirmation order.

### D. There is no harm to the public interest.

Finally, there is no harm to the public by issuing the stay. This is a routine bankruptcy proceeding, and the case does not present any matters of public importance so there will be no harm to the public interest. Staying distributions under the plan will preserve the Trustee's resources so that when the appeal is concluded, he can quickly disburse the funds to the rightful parties.

### Conclusion

As the confirmation order is the central to a Chapter 13 case, the decision of the appellate plan could have significant impacts on the Trustee Therefore the Trustee requests disbursements under the plan be stayed until the appeal is concluded.

Respectfully,
s/David S. Burge
David S. Burge, OBA # 31505
321 Dean A. McGee
P.O. Box 1948

                                                                  Oklahoma City, OK  73101-1948
                                                                  13trustee@chp13okc.com
                                                                  (405) 236-4843
                                                                  (405) 236-1004 (fax)
                                                                  Attorney for Trustee

## Certificate of Service

This is to certify that on February 11, 2025, a true and correct copy of the foregoing instrument was served by U.S. Mail, postage prepaid, on the following:

See attached matrix.

                                                                   s/David S. Burge
                                                                  David S. Burge, OBA # 31505

| | | |
|---|---|---|
| ACHIEVE PERSONAL LOANS<br>POBOX 2340<br>PHOENIX, AZ 85002-2340 | ASPIRE CREDIT CARD<br>ATTN: BANKRUPTCY<br>PO BOX 105555<br>ATLANTA GA 30348-5555 | BANKRUPTCY LEGAL COUNSELING CENTER OF OKLAHOMA<br>2525 NW EXPRESSWAY STE 531<br>OKLAHOMA CITY OK 73112-7642 |
| CAPITAL ONE<br>ATTN: BANKRUPTCY<br>PO BOX 30285<br>SALT LAKE CITY UT 84130-0285 | CAPITAL ONE AUTO FINANCE, A DIVISION OF CAPI<br>4515 N SANTA FE AVE. DEPT. APS<br>OKLAHOMA CITY, OK 73118-7901 | CAPITAL ONE, N.A.<br>4515 N SANTA FE AVE<br>OKLAHOMA CITY, OK 73118-7901 |
| CITIBANK N.A.<br>CITIBANK, N.A.<br>5800 S CORPORATE PL<br>SIOUX FALLS, SD 57108-5027 | CITIBANK/THE HOME DEPOT<br>CITICORP CR SRVS/CENTRALIZED BANKRUPTCY<br>PO BOX 790040<br>ST LOUIS MO 63179-0040 | COMENITY CAPITAL/ACADMY<br>ATTN: BANKRUPTCY<br>PO BOX 182125<br>COLUMBUS OH 43218-2125 |
| CRB/MOMNT<br>4 CONCOURSE PARKWAY<br>SANDY SPRINGS GA 30328-5397 | CRCONNAUTO<br>2725 S MIDWEST BLVD<br>MIDWEST CITY OK 73110-5830 | DESTINY CARD<br>PO BOX 23030<br>COLUMBUS GA 31902-3030 |
| FIRST ELECTRONIC BANK<br>2150 S 1300 E #400<br>SALT LAKE CITY UT 84106-4336 | FIRST FIDELITY BANK<br>ATTN: BANKRUPTCY<br>PO BOX 32282<br>OKLAHOMA CITY OK 73123-0482 | FIRST NATIONAL BANK OF OMAHA<br>1620 DODGE ST<br>STOP CODE 3113<br>OMAHA NE 68102-1593 |
| FIRST PREMIER BANK<br>ATTN: BANKRUPTCY<br>601 S MINNEAPOLIS AVE<br>SIOUX FALLS SD 57104 | FREEDOM MORTGAGE CORPORATION<br>ATTN: BANKRUPTCY<br>907 PLEASANT VALLEY AVE, STE 3<br>MT LAUREL NJ 08054-1210 | FREEDOM MORTGAGE CORPORATION<br>BANKRUPTCY DEPARTMENT<br>11988 EXIT 5 PKWY BLDG 4<br>FISHERS, IN 46037-7939 |
| FREEDOMPLUS<br>ATTN: BANKRUPTCY<br>1875 SOUTH GRANT ST, STE 400<br>SAN MATEO CA 94402-2676 | GENESIS FS CARD SERVICES<br>ATTN: BANKRUPTCY<br>PO BOX 4477<br>BEAVERTON OR 97076-4401 | HUBERTO TREJO C/O CODY KERNS<br>1741 W 33RD ST #120<br>EDMOND OK 73013-3838 |
| HUMBERTO TREJO DOMINGUEZ<br>515 SW GRAND BLVD<br>OKLAHOMA CITY OK 73109-6613 | IRS<br>ATTN: LEGAL DIVISION<br>PO BOX 7346<br>PHILADELPHIA PA 19101-7346 | JEFFERSON CAPITAL SYSTEMS LLC<br>PO BOX 7999<br>SAINT CLOUD MN 56302-7999 |
| JEFFERSON CAPITAL SYSTEMS, LLC<br>ATTN: BANKRUPTCY<br>200 14TH AVE E<br>SARTELL MN 56377-4500 | JUAN PABLO VALDEZ<br>9808 S HILLCREST DR<br>OKLAHOMA CITY, OK 73159-7418 | KRUGER INVESTMENT COMPANY<br>105 N HUDSON STE 200A<br>OKLAHOMA CITY OK 73102-4813 |
| MINTO MONEY<br>PO BOX 58112<br>MINTO AK 99758-0112 | MOMNT LOAN<br>4 CONCOURSE PKWY #150<br>ATLANTA GA 30328-6197 | PENFED CU<br>2930 EISENHOWER AVE<br>ALEXANDRIA VA 22314-4557 |

| | | |
|---|---|---|
| PORTFOLIO RECOVERY ASSOCIATES LLC<br>PO BOX 41067<br>NORFOLK VA 23541-1067 | QUANTUM3 GROUP LLC AS AGENT FOR<br>COMENITY CAPITAL BANK<br>PO BOX 788<br>KIRKLAND, WA  98083-0788 | QUANTUM3 GROUP LLC AS AGENT FOR<br>CONCORA CREDIT INC.<br>PO BOX 788<br>KIRKLAND, WA  98083-0788 |
| RESURGENT RECEIVABLES, LLC<br>RESURGENT CAPITAL SERVICES<br>PO BOX 10587<br>GREENVILLE, SC 29603-0587 | SYNCHRONY BANK/CARE CREDIT<br>ATTN: BANKRUPTCY<br>PO BOX 965060<br>ORLANDO FL 32896-5060 | VIVE FINANCIAL  LLC<br>ATTN BANKRUPTCY<br>PO BOX 708670<br>SANDY UT 84070-8639 |