**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

In re:

Juan Pablo Valdez

Case No. 24-12446-JDL
Chapter 13

Debtor.

**CREDITOR HUMBERTO TREJO'S RESPONSE AND BRIEF IN SUPPORT TO
STAY ORDER PENDING DETERMINATION OF APPEAL**

**<u>AN INTRODUCTION</u>**

Pursuant to Bankruptcy Rules 7062 and 9014, Your Creditor Humberto Trejo Dominguez
("Trejo") requests this Court issue an Order allowing a limited stay to hold distributions to all
creditors in abeyance until Trejo's appeal **[Doc. 49 & Doc. 50]** is resolved. Your Chapter 13
Trustee, John T. Hardeman ("Trustee") correctly shows irreparable harm would result if Your
Trustee disbursed payments from Your Debtor, Juan Pablo Valdez ("Valdez") under the Amended
Chapter 13 Plan **[Doc 31].** Staying this Court's Order Confirming Valdez's Chapter 13 plan will
prevent harm to prevailing and innocent creditors and the public. Therefore, this Court must enter
an Order staying disbursements from Your Trustee related to Valdez's Chapter 13 Plan until
Trejo's pending appeal is resolved. In support, Your Creditor shows this Court the following:

**<u>BRIEF IN SUPPORT</u>**

**A.  A Factual Analysis & Procedural History**

The matter before this Court is contested. On January 29, 2025, this Court Confirmed Valdez's
Amended Chapter 13 Plan over Trejo's objection **[Doc 47 & Doc 31].** Trejo filed an appeal **[Doc.
49 & Doc. 50]**. The Bankruptcy Appellate Panel (BAP) set the appeal for mediation proceedings
on February 21, 2025. Under the confirmed Chapter 13 Plan, your Trustee shall begin making
monthly disbursements immediately. **[Doc 47 & Doc 31].** Any appellate court is unable to resolve

1

the appeal before your Trustee must begin monthly disbursements. Valdez filed an application seeking to modify this Court's Order to pay additional attorney fees and costs through Valdez's Chapter 13 Plan on January 23, 2025. **[Doc 45].** Your Trustee filed a motion for a limited stay on February 11, 2025 **[Doc 52].**

### B. Bankruptcy Rules Provide for a Limited Stay Here

When a matter in bankruptcy court is contested, part seven of the Bankruptcy Rules, which typically only apply in adversary proceedings, allow this Court to exercise its discretion to grant discretionary stays. **Fed. R. Bankr. P. 9014.** Part seven of the Bankruptcy Rules provide for the application of the Federal Rules of Civil Procedure in contested matters in bankruptcy proceedings. Specifically, Rule 7062 provides for staying proceedings and orders consistent with the Federal Rules of Civil Procedure Rule 62. **Fed. R. Bankr. P. 7062; see also In re Porter,** 54 B.R. 81, at 82 (Bankr. N.D. Okla. 1984) The type of stay your Trustee and Trejo are asking this Court to consider is a discretionary stay. When considering a discretionary stay pursuant to Rule 62 pending appeal of bankruptcy matters, bankruptcy courts generally consider the following four factors: (1) likelihood of success on the merits (2) irreparable injury to moving party absent stay (3) substantial harm to other interested persons and (4) harm to the public. **Schwartz v. Covington,** 341 F.2d 537 (9th Cir. 1965); **Long v. Robinson,** 432 F.2d 977 (4th Cir. 1970).

### C. Creditor's probability of success is a relaxed factor; Trustee's administrative burden constitutes sufficient cause for this Court to provide a limited stay pending appeal.

A limited discretionary stay of Chapter 13 plan disbursements is warranted here because the administrative burden your Trustee will suffer if Trustee cannot hold disbursements in abeyance is rightly weighed as irreparable harm affecting the public and prevailing and innocent creditors.

The factors for a discretionary stay are based on the same factors used for preliminary injunctions. **See In re Porter,** 54 B.R. 81, at 82 (Bankr. N.D. Okla. 1984). The **Lang** Court, which decided to apply the factors for preliminary injunction to a discretionary stay of a bankruptcy appeal, relied heavily on a Supreme Court decision involving appeals for habeas corpus. **In re Lang,** 414 F.3d 1191, 1201 n. 29 (10th Cir. 2005) (citing **Hilton v. Braunskill,** 481 U.S. 770, 777, 107 S.Ct. 2113, 95 L.Ed.2d 724 (1987)). In **Hilton,** the Supreme Court acknowledged that the factors for preliminary injunctions are not reduced to rigid rules. **See Hilton v. Braunskill,** 481 U.S. 770, 777 (1987). For example, the **Hilton** Court acknowledged and concurred with the trial court's decision to consider the possibility of flight risk when deciding a stay of judgment pending a habeas corpus appeal. **See Hilton v. Braunskill,** 481 U.S. 770, 777 (1987).

The Trustee's administrative burden is rightly counted as irreparable harm. When exercising the power to stay a case, Court will weigh competing interests, including judicial economy and the administration of justice. **See Belize Social Development Ltd. v. Government of Belize,** 668 F.3d 724, 733 (D.C. Cir. 2012). If Trustee must begin adversary proceedings following the appeal, Trustee's resources will be unnecessarily constrained. Your Trustee cannot get back time he already spent.

If this Court's Order **[Doc 47]** is not stayed pending appeal, the Trustee's administrative burden will harm creditors and the public. As Trustee rightly notes, monthly filings are up. Any time your Trustee spends on an adversary proceeding recouping payments to creditors is time the Trustee would otherwise spend administering the general public's bankruptcy cases within the Western District of Oklahoma. Members of the public who file new bankruptcy cases in the western district of Oklahoma will receive less administrative attention, harming access to justice for debtors in Oklahoma. As Trustee rightly notes, there is no guarantee the Trustee will be able

3

to recoup any funds disbursed while the appeal is pending. Indeed, the prevailing creditors or the creditors benefiting from the appeal will lose out on funds they would receive absent the Trustee disbursing funds before the appeal is over.

Typically, the merits of an appeal receive the most weight on a discretionary stay analysis. **In re Stewart,** 604 B.R. 900, 905 (B.R. W.D. Okla. 2019). Trejo maintains his appeal is meritorious. However, even if Trejo's appeal is somehow not meritorious, this Court should consider whether relaxing the weight typically given to the merits of an appeal would change the outcome of granting a limited stay. When the three "harm" factors favor granting a preliminary injunction, the "probability of success requirement" is relaxed. **See Heideman v. South Salt Lake City,** 348 F.3d 1182, 1189 (10th Cir. App. 2003) (citing **Prairie Band of Potawatomi Indians v. Pierce,** 253 F.3d 1234, 1246, (10th Cir. App. 2001). Irrespective of the merits of Trejo's appeal, which Trejo maintains is meritorious, the harm to your Trustee's administration, to creditors, and to the public if the Order **[Doc 47]** is not stayed outweighs any harm related to conducting the Order.

## **CONCLUSION**

Therefore, in light of the significant impacts the pending appeal will have on the Trustee's administration, prevailing or otherwise innocent creditors on appeal, and to the public, Trejo requests this Court issue an Order allowing Trustee to hold all disbursements under the Chapter 13 plan **[Doc 47 & Doc 31]** in abeyance until the pending appeal is concluded.

/s/ Cody D. Kerns
Cody D. Kerns, OBA #34697
Teague & Wetsel, PLLC
1741 West 33rd Street, Suite 120
Edmond, Oklahoma 73013
Telephone: (405) 285-9200
Telecopier: (405) 509-2362 (direct)
e-mail: ckerns@teaguewetsel.com
*Attorneys for Creditor,*
*Humberto Trejo Dominguez*

## CERTIFICATE OF SERVICE

I certify that on February 13, 2025, I electronically transmitted this document to the Court Clerk using the ECF System for filing. Based on the records currently on file, the Court Clerk will transmit a Notice of Electronic Filing to the following ECF registrants, including all parties listed on the attached mailing matrix prepared by the debtor:

**See attached mailing matrix.**

John T. Hardeman
13trustee@chp13okc.com, trustee@chp13okc.com

United States Trustee
Ustpregion20.oc.ecf@usdoj.gov

Jeffrey E. West on behalf of Debtor Juan Pablo Valdez
jeff@westbklaw.com; lawwestj@gmail.com; enid@westbklaw.com;
west.jeffreyr@notify.bestcase.com; docs@westbklaw.com

Capital One Auto Finance, a division of Capital One, N.A.
ECFNotices@aisinfo.com

Oklahoma Tax Commission, Legal Division
bankruptcysecretary@tax.ok.gov

Oklahoma Employment Security Commission
bankruptcy@oesc.state.ok.us

Aspire Credit Card
Atlanticus@ebn.phinsolutions.com

AIS.cocard.ebn@aisinfo.com
Capital One

Citibank/The Home Depo
Citi.BNC.Correspondence@citi.com

BNC-ALLIANCE@QUANTUM3GROUP.COM
Comenity Capital/Acadmy

Destiny Card
GenesisFS@ebn.phinsolutions.com

Fnb Omaha
collecadminbankruptcy@fnni.com
First Fidelity Bank
BANKRUPTCY@FIRST-FIDELITY.COM

First Premier Bank
ais.fpc.ebn@aisinfo.com

Freedom Mortgage Corporation
Bankruptcy@Freedommortgage.com

FreedomPlus
bk@freedomfinancialnetwork.com

Genesis FS Card Services
GenesisFS@ebn.phinsolutions.com

IRS, Attn: Legal Division
sbse.cio.bnc.mail@irs.gov

Jefferson Capital Systems, LLC
JCAP_BNC_Notices@jcap.com

PenFed CU
bkrgeneric@penfed.org

Synchrony Bank/Care Credit
ais.sync.ebn@aisinfo.com

Synchrony Bank/HHGregg
ais.sync.ebn@aisinfo.com

Synchrony Bank/JCPenney
ais.sync.ebn@aisinfo.com

/s/ Cody D. Kerns

6

I certify that on February 13, 2025, I also served this document by first-class mail the following, who are not registered participants of the ECF system:

Attn: Capital One Auto Finance, a division of Capital One, N.A. Department
AIS Portfolio Services, LLC
Acct. XXXXXXXXX0082
4515 N. Santa Fe Ave. Dept. APS
Oklahoma City, OK 73138

Juan Pablo Valdez
9808 S. Hillcrest Drive,
Oklahoma City, OK 73159-7418

Crb/momnt
4 Concourse Parkway
Sandy Springs, Georgia 30328

Crconnauto
2725 S. Midwest Blvd.
Midwest City, OK 73110

PNC Financial Services
Attn. Bankruptcy
300 Fifth Avenue The Tower at PNC Plaza
Pittsburgh, PA 15222

/s/ Cody D. Kerns

Label Matrix for local noticing
1087-5
Case 24-12446
Western District of Oklahoma
Oklahoma City
Mon Dec 30 15:48:56 CST 2024

Capital One Auto Finance, a division of Capi
4515 N Santa Fe Ave. Dept. APS
Oklahoma City, OK 73118-7901

USBC Western District of Oklahoma
215 Dean A. McGee
Oklahoma City, OK 73102-3426

Achieve Personal Loans
P.O.Box 2340
Phoenix, AZ 85002-2340

Aspire Credit Card
Attn: Bankruptcy
Po Box 105555
Atlanta GA 30348-5555

Capital One
Attn: Bankruptcy
Po Box 30285
Salt Lake City UT 84130-0285

Capital One, N.A.
4515 N Santa Fe Ave
Oklahoma City, OK 73118-7901

Citibank N.A.
Citibank, N.A.
5800 S Corporate Pl
Sioux Falls, SD  57108-5027

Citibank/The Home Depot
Citicorp Cr Srvs/Centralized Bankruptcy
Po Box 790040
St Louis MO 63179-0040

Comenity Capital/Acadmy
Attn: Bankruptcy
Po Box 182125
Columbus OH 43218-2125

Crb/momnt
4 Concourse Parkway
Sandy Springs GA 30328-5397

Crconnauto
2725 S Midwest Blvd
Midwest City OK 73110-5830

Destiny Card
PO Box 23030
Columbus GA 31902-3030

First Electronic Bank
2150 S 1300 E #400
Salt Lake City UT 84106-4336

First Fidelity Bank
Attn: Bankruptcy
Po Box 32282
Oklahoma City OK 73123-0482

(p)FIRST NATIONAL BANK OF OMAHA
1620 DODGE ST
STOP CODE 3113
OMAHA NE 68102-1593

First Premier Bank
Attn: Bankruptcy
601 S Minneapolis Ave
Sioux Falls SD 57104

Freedom Mortgage Corporation
Attn: Bankruptcy
907 Pleasant Valley Ave, Ste 3
Mt Laurel NJ 08054-1210

Freedom Mortgage Corporation
Bankruptcy Department
11988 EXIT 5 PKWY BLDG 4
Fishers, IN 46037-7939

FreedomPlus
Attn: Bankruptcy
1875 South Grant St, Ste 400
San Mateo CA 94402-2676

Genesis FS Card Services
Attn: Bankruptcy
Po Box 4477
Beaverton OR 97076-4401

Huberto Trejo c/o Cody Kerns
1741 W 33rd St #120
Edmond OK 73013-3838

Humberto Trejo Dominguez
515 SW Grand Blvd
Oklahoma City OK 73109-6613

IRS
Attn: Legal Division
PO Box 7346
Philadelphia PA 19101-7346

(p)JEFFERSON CAPITAL SYSTEMS LLC
PO BOX 7999
SAINT CLOUD MN 56302-7999

Jefferson Capital Systems, LLC
Attn: Bankruptcy
200 14th Ave E
Sartell MN 56377-4500

Kruger Investment Company
105 N Hudson Ste 200A
Oklahoma City OK 73102-4813

Minto Money
PO BOX 58112
Minto AK 99758-0112

Momnt Loan
4 Concourse Pkwy #150
Atlanta GA 30328-6197

PNC Financial Services
Attn: Bankruptcy
300 Fifth Avenue The Tower At Pnc Plaza
Pittsburgh PA 15222

PenFed CU
2930 Eisenhower Ave
Alexandria VA 22314-4557

(p)PORTFOLIO RECOVERY ASSOCIATES LLC
PO BOX 41067
NORFOLK VA 23541-1067

Quantum3 Group LLC as agent for
Comenity Capital Bank
PO Box 788
Kirkland, WA  98083-0788

Quantum3 Group LLC as agent for
Concora Credit Inc.
PO Box 788
Kirkland, WA  98083-0788

Resurgent Receivables, LLC
Resurgent Capital Services
PO Box 10587
Greenville, SC 29603-0587

Synchrony Bank/Care Credit
Attn: Bankruptcy
Po Box 965060
Orlando FL 32896-5060

Synchrony Bank/HHGregg
Attn: Bankruptcy
Po Box 965060
Orlando FL 32896-5060

Synchrony Bank/JCPenney
Attn: Bankruptcy
Po Box 965060
Orlando FL 32896-5060

Teague & Wetsel, PLLC
1741 W 33rd St #120
Edmond OK 73013-3838

United States Trustee
United States Trustee
215 Dean A. McGee Ave., 4th Floor
Oklahoma City, OK 73102-3479

(p)VIVE FINANCIAL  LLC
ATTN BANKRUPTCY
P O BOX 708670
SANDY UT 84070-8639

Humberto Trejo Dominguez
Teague & Wetsel
1741 W. 33rd St.
120
Edmond, OK 73013-3838

(p)BANKRUPTCY LEGAL COUNSELING CENTER OF OKLA
2525 NW EXPRESSWAY STE 531
OKLAHOMA CITY OK 73112-7642

John T. Hardeman
John Hardeman, Chapter 13 Trustee
PO Box 1948
Oklahoma City, OK 73101-1948

Juan Pablo Valdez
9808 S Hillcrest Drive
Oklahoma City, OK 73159-7418

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

First National Bank of Omaha
1620 Dodge Street, Stop Code 3113
Omaha, Nebraska 68197

(d)Fnb Omaha
Attn: Bankruptcy
P.O. Box 3128
Omaha NE 68103

Jefferson Capital Systems LLC
Po Box 7999
Saint Cloud MN 56302-9617

Portfolio Recovery Associates, LLC
POB 41067
Norfolk VA 23541

Vive Financial
P.O. Box 708670
Sandy, UT 84070

Jeffrey E. West
Debkillerok.com, Inc
2525 NW Expressway Ste 531
Oklahoma City, OK 73112

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)FREEDOM MORTGAGE CORPORATION

(d)Destiny Card
PO Box 23030
Columbus GA 31902-3030

End of Label Matrix
Mailable recipients     44
Bypassed recipients      2
Total                   46