IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

In re:                                                    )
    JUAN PABLO VALDEZ                       )          Case No. 24-12446-JDL
           Debtor(s)                               )          Chapter 13

### DEBTOR'S RESPONSE TO CREDITOR HUMBERTO TREJO'S RESPONSE TO APPLICTION FOR ATTORNEY FEES AND EXPENSES

      **COMES NOW** the Debtor, by and through his attorney of record, Jeffrey E. West, in the above captioned case and in response to Humberto Trejo's Response to Application for Attorney Fees and Expenses (hereinafter Trejo), and in support thereof alleges and states as follows:

1. Debtor's counsel filed an Application to Compensate on January 23, 2025 [Docket #45].

2. Huberto Trejo filed a Response and Objection to Application for Attorney Fees and Expenses on February 13, 2025 [Docket # 54].

3. Trejo asserts in his response that "Valdez's counsel has attached time entries without explain how the services are reasonable". Trejo further asserts that "Valdez's attorney of record has not shown sufficient proof demonstrating his requested fees are entirely reasonable".

4. Debtors counsel attached a detailed spreadsheet in support of the fees and costs in this case. Each line item explains in plain English what the time relates to and how much time was spent on each task. The spreadsheet is itemized and totaled for any proper review.

5. For Trejo to assert that Valdez's counsel has not earned the fees and costs set forth in the Application and the supporting documents is absurd and incorrect. It is very clear from the Application and supporting documents that the work and the hours performed were necessary to have this case confirmed.

6. Most of the additional fees and expenses were a direct result of one unsecured creditor, Trejo, who is entitled to a $2,000.00 priority claim in the confirmed plan. It is interesting to note that Trejo will not receive any funds on his priority claim due to Trejo's Response.

7. John Hardeman's attorney has filed a Limited Motion to Stay Order Pending Appeal [Docket # 52] on February 11, 2025.   The sole purpose of this Motion is to ensure the debtor's mortgage company receives monthly payments through the plan and pay the administrative expenses associated with the case.
8. Valdez's attorney supports the position of the Trustee and the basis of his Motion.
9. Trejo's unsecured claim is based on a judgment of $16,068.81, interest of $7,638.78 on the judgment and an award of Attorney fees for Trejo's attorney in state court of $46,911.50.   It bears the question why a creditor would pursue a $16,068.81 judgment and expend $46,911.50 in order to collect it.  Then after Chapter 13 bankruptcy was filed, Trejo's attorney continued to object to confirmation of the plan and Trejo's attorney has filed an Adversary to Determine if the debt is non-dischargeable and an Appeal of the confirmation order.
10. It is fundamentally unfair to the debtor not to pay his mortgage payments to the creditor after the debtor has paid the Trustee to disburse those funds.  Counsel would assert that the Bankruptcy Code provides relief to debtors in financial stress and provides the debtor and his creditors with protection to judicially resolve issues and to protect the assets of the estate.  Trejo's response is in direct contradiction of this guaranteed right the debtor has under the Bankruptcy Code.
11. Trejo has had his day in court regarding confirmation of this plan.  It was ordered by the Court that confirmation be entered on January 22, 2025.  At that hearing, Trejo's objection was denied because he failed to provide evidence to support his burden of proof in his objection.
12. This case was filed on August 30, 2024.  To date there have been no distributions to the debtor's creditors.  Debtor's attorney received $504.84 on the 8th of February 2025, and Debtor's attorney promptly refunded that amount to the Trustee.  The only distributions in the case have been to the Trustee to administer this case.

13. It is fundamentally unfair for the debtor to continue making his $1,796.37 monthly plan payment and distributions to his mortgage are blocked by Trejo's actions.  As the Court is aware, if the mortgage company does not receive distributions in accordance with the confirmed plan, a Motion for Relief will be filed by the mortgage company to remove the debtor from his home.  This action would be irreversible, detrimental and an absurd unfairness to the debtor.   The debtor has proposed his case in good faith and has abided by the rules and orders of the Court to have his case confirmed.  To place a hold on his mortgage payments will result in greater harm to the debtor and no harm to Trejo.  Even if Trejo succeeds in his Appeal, the mortgage company is still entitled to paid in accordance with the filed proof of claim ahead of Trejo's claim.
14. To allow an unsecured creditor to prevent a debtor from having his mortgage paid through the confirmed plan, when the debtor has proposed his case and plan in good faith is utterly unexplainable.  Then for Trejo to assert the debtor's attorney is not entitled to the detailed and fair compensation as set for in the Application is unfair.  The main reason the Application was filed was due to the continual efforts of Trejo to keep this case from being confirmed.
15. Debtor's attorney is in the process of referring the debtor to another attorney to handle the Adversary and the Appeal.  Therefore, short of more filings and hearings by Trejo, the debtor's attorney should not incur additional fees and costs.
16. Debtor's attorney has been practicing law for 24 years and has been filing bankruptcies for many of those years.  In all the years the undersigned has been practicing law before the Bankruptcy Court, the undersigned has never been confronted with unsecured creditors actions and filings that call into question the undersigned's time and effort to provide quality legal representation to a debtor.  As the Court is well aware, the no look fee is designed to compensate the debtor's attorney for the basic services to help the debtor file and complete his case.  There are many instances in this Court where bankruptcy cases are not routine, and the no look fee is not fairly

compensating the attorney's efforts and expenses.  This is precisely why the rules allow debtor's attorneys to accept the no look fee, or they must file an Application with supporting documents, so the Court may examine the attorneys actions and determine if the fees and costs are fair and reasonable.  The debtor's attorney has in good faith filed his Application with the supporting documents to justify his time and fees/costs in this matter in accordance with the rules of bankruptcy and the law of bankruptcy.

**WHEREFORE,** Debtor respectfully requests that your Honorable Court deny Humberto Trejo's Response to Application for Attorney Fees and Expenses and Order the fees and costs to Jeffrey E. West, Attorney for Juan Valdez in accordance with the filed Application.  This matter is set for hearing on March 11, 2025, at 2:00 p.m., in the Second Floor Courtroom of the United States Bankruptcy Court for the Western District of Oklahoma, 215 Dean A. McGee Avenue, Oklahoma City, OK 73102, and order such other and further relief as is just and proper.

Dated:  February 19, 2025.                  /s/ Jeffrey E. West
                                            JEFFREY E. WEST, OBA #18871
                                            Attorney for Debtor(s)
                                            2525 NW Expressway, Ste 531
                                            Oklahoma City, OK  73112
                                            (405) 616-4949
                                            (405) 616-4949 (fax)
                                            jeff@westbklaw.com

### CERTIFICATE OF MAILING

I certify that on the February 19, 2025, a true and correct copy of the above Response was electronically served using the CM/ECF system, namely: John Hardeman, Chapter 13 Trustee.  Further, I certify that on the February 19, 2025 copies of the Response were forwarded via U.S. Mail, first class, postage prepaid and properly addressed to the following at the addresses shown below:

Cody D. Kerns, Attorney for Creditor
Humberto Trejo Dominguez
1741 West 33rd Street, Suite 120
Edmond, OK 73013
e-mail: ckerns@teaguewetsel.com

                                            /s/ Jeffrey E. West
                                            JEFFREY E. WEST